#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RYAN KASTENS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 16-1344-EFM-GEB |
| ) | |
| **INTERNATIONAL ASSOCIATION** ) | |
| **OF MACHINISTS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

#### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 4) and Motion for Appointment of Counsel (ECF No. 3). For the reasons outlined below, Plaintiff's Motion to Proceed without Prepayment of Fees (**ECF No. 4**) is **GRANTED** and his Motion for Appointment of Counsel (**ECF No. 3**) is **DENIED**.

### I.   Motion to Proceed *In Forma Pauperis* (ECF No. 4)

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. Apr. 23, 1999)).

otherwise.'"[2] After careful review of Plaintiff's affidavit of financial resources, the Court finds he is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees **(ECF No. 4)** is **GRANTED.** Because Plaintiff proceeds *in forma pauperis*, the clerk of the court shall take the appropriate steps to serve Defendants with the summons and complaint as provided under 28 U.S.C. 1915(d) and Fed. R. Civ. P. 4(c)(2).

## II.  Motion for Appointment of Counsel (ECF No. 3)

There is no constitutional right to counsel in a civil action.[3]  For parties like Plaintiff who proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(1) provides discretionary authority to "request an attorney to represent any person unable to afford counsel."[4] However, this statute does not bestow upon the indigent plaintiff the *right* to counsel.  In its discretion, the Court evaluates multiple factors when deciding whether to request an attorney for an indigent party.[5]  Those factors may include:  "the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and present the claims."[6]  Additionally, the Court examines the

---

[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[3] *See Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) (citing *Castner v. Colo. Springs Cablevision,* 979 F.2d 1417, 1420 (10th Cir. 1992) (Title VII case); *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989) (civil case)).
[4] 28 U.S.C. § 1915(e)(1); *Jackson v. Park Place Condominiums Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *1 (D. Kan. Feb. 6, 2014).
[5] *Jackson*, 2014 WL 494789, at *1.
[6]

movant's diligence in attempting to secure counsel.[7] "The party seeking counsel under § 1915(e)(1) has the burden "to convince the court" that asserted claims have sufficient merit to warrant the Court requesting an attorney to represent the movant."[8] Thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located,[9] but consideration of the Court's growing docket, the increase in pro se filings, and the limited number of attorneys willing to serve is also paramount.[10]

By approving Plaintiff's request to proceed *in forma pauperis*, the Court accepts the veracity of his affidavit of poverty and inability to afford legal counsel. The Court also accepts Plaintiff's statement that he has conferred with at least six attorneys who have either declined this case or whom Plaintiff cannot afford to hire. However, the Court presently lacks sufficient information to fully evaluate the merits of Plaintiff's claims or the complexity of the legal issues.

Despite Plaintiff's satisfaction of the financial and diligence factors of the analysis, the Court is unable to fully evaluate the merits of Plaintiff's claims given the information presented in his Complaint. Additionally, at this stage, Plaintiff has not demonstrated any reason why he is unable to adequately present the case on his own. His Complaint is articulate and adequately describes his claim. The Court recognizes that "its

---

[7] *See, e.g.*, *Jackson*, 2014 WL 494789, at *2 n. 18 (citing *Jeannin v. Ford Motor Co.,* No. 09–2287–JWL–DJW, 2009 WL 1657544, at *1 & n. 10 (D. Kan. June 12, 2009) (reciting factors addressed in an employment discrimination action). *See also Wheeler v. Wichita Police Dep't,* No. 97–1076–FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997) (finding "this court requires a plaintiff to actually meet with five attorneys and discuss their case with them" and denying the motion for appointment of counsel where plaintiff indicated she conferred with only one attorney).

[8] *Jackson,* 2014 WL 494789, at *1 (citing *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004)(internal citation omitted).

[9] *Castner,* 979 F.2d at 1421.

[10] *Jackson,* 2014 WL 494789, at *3.

perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[11] as the case progresses. Postponing a decision to appoint counsel allows the Court to gain more information about both the merits of Plaintiff's claims and his ability to present this case to the Court.[12] Although "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[13] Under the circumstances, the factors weigh against seeking an attorney to represent Plaintiff at this time. Therefore, the motion for appointment of counsel shall be **DENIED** without prejudice to Plaintiff filing a similar motion at a later time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (**ECF No. 3**) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 31st day of January, 2017.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge

---

[11] *Jones v. Maritz Research Co.*, Case No. 14-2467-SAC-GLR, 2014 WL 6632929, at *3 (D. Kan. Nov. 21, 2014).
[12] *Id.* (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C. Cir. 1998)).
[13] *Zillner v. Brennan*, No. 15-9904-DDC-GLR, 2016 WL 81229, at *2-4 (D. Kan. Jan. 7, 2016) (citing *Ficken*, 146 F.3d at 981 (internal citations omitted)).