## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RYAN KASTENS,

> *Plaintiff,*

vs.

> Case No. 16-1344-EFM-GEB

INTERNATIONAL ASSOCIATION OF
MACHINISTS AND AEROSPACE
WORKERS; BOB MARTINEZ; AND
INTERNATIONAL ASSOCIATION OF
MACHINISTS DISTRICT 70,

> *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Ryan Kastens filed this action against International Association of Machinists and Aerospace Workers ("IAMAW"), District 70, and Bob Martinez, IAMAW's President alleging unfair labor practices under 29 U.S.C. § 158(b)(1)(A) and (b)(2). Kastens alleges that Defendants initiated his termination from Spirit Aerosystems and failed to represent him in good faith in his grievance proceedings. Defendants now argue that the Court lacks subject matter jurisdiction and, alternatively, Kastens failed to state a claim for relief. For reasons explained below, the Court grants Defendants' Motion to Dismiss (Doc 12).

## I.    Factual and Procedural Background[1]

Kastens was employed at Spirit from January 8, 2010 until his termination on March 5, 2014.  Kastens received several disciplinary punishments prior to his termination.  His local union chapter, District 70, intervened on multiple occasions to lessen his punishment.  However, his relationship with the leadership took a turn for the worse during the campaign for IAMAW's elections in the fall of 2013.  Kastens supported the "reform candidates," much to the chagrin of District 70's leadership.

On January 27, 2014, Kastens received an email from another Spirit employee containing a video of a collision between a company scooter and a truck on the street next to Spirit.  Kastens forwarded the email to several people, including District 70 officials.  A union official e-mailed the video to Spirit. At that time, Spirit had multiple policies prohibiting the sharing of company information with those outside the company.

On March 5, 2014 Spirit terminated Kastens's employment for sharing the video.  In response, Kastens filed a grievance with the Union.  Frank Molina, a District 70 official, negotiated with Spirit as Kastens's representative.  Molina failed to communicate with Kastens and deliberately kept him uninformed.  Without consulting Kastens, Molina negotiated a cash settlement for $2,000.  When Kastens informed Molina he wanted arbitration, Molina refused.

During the time his grievance was being negotiated, Howard Johnson, a union representative at Spirit, became embroiled in a verbal altercation with Kastens and threatened to

---

[1] The facts are taken from Plaintiff's Confidential Witness Affidavit and the NLRB Decision incorporated into Plaintiff's complaint and are accepted as true for the purposes of this motion.  *Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, Dist. 70*, 363 NLRB No. 165 (Apr. 25, 2016).

"beat his ass" for campaigning with a reform candidate.  After other officials interceded, Johnson

swore that Kastens would never be reinstated at Spirit.

Upon completion of the grievance process, Kastens filed a complaint with the National

Labor Relations Board ("NLRB").    The NLRB determined that District 70 violated

29 U.S.C. § 158(b)(1)(A) and (b)(2) by preventing Kastens from exercising his right to engage in

union activities and causing Spirit to terminate Kastens's employment.    The NLRB found

District 70 committed unfair labor practices by handling Kastens's grievance in an arbitrary

manner and threatening him physical harm.    The NLRB ordered District 70 to seek Kastens's

reinstatement and repay him for lost wages.    Accordingly, District 70 paid Kastens $35,213 in

backpay on July 21, 2016.

Not satisfied, Kastens filed suit in this Court against IAMAW, District 70, and Martinez

on September 6, 2016.    In his complaint, Kastens incorporates the NLRB decision and alleges

the same facts and unfair labor practices.    Kastens states he is filing suit in this Court because

"the NLRB is not able to pursue punitive damages."

On March 1, 2017, Defendants filed this present motion to dismiss.    Defendants argue

this Court does not have subject matter jurisdiction, and alternatively, that Kastens failed to state

a claim upon which relief can be granted.

## II.    Legal Standard

Because Kastens is proceeding pro se, the Court construes his complaint liberally and

holds it to a less stringent standard than if drafted by a lawyer.[2]    However, the Court may not

---

[2] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("A document filed *pro se* is 'to be liberally construed,' and a *pro se* complaint, however inartfully pleaded, must be held

supply additional factual allegations to "round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[3]

Under Fed. R. Civ. P. 12(b)(1), a defendant may move to dismiss a claim when the Court "lack(s) subject matter jurisdiction."[4]  Federal courts possess limited jurisdiction with "only those powers conferred by Congress."[5]  Because there is a presumption against the Court's jurisdiction, the party invoking federal jurisdiction bears the burden of proof.[6]  "If the Court finds it lacks subject matter jurisdiction over a complaint, the Court shall immediately dismiss the action.[7]

### III.    Discussion

Kastens alleges that Defendants committed unfair labor practices as defined in 29 U.S.C. § 158(b)(1)(A) and (b)(2) of the National Labor Relations Act ("NLRA").  Defendants contend Congress granted jurisdiction over the NLRA solely to the NLRB, and, as such, this Court lacks jurisdiction to hear Kastens's complaint.

---

to less stringent standards than formal pleadings drafted by lawyers.' ") (internal quotation marks and citations omitted)).

[3] *Whitney v. State of N.M.*, 113 F.3d 1170, 1175 (10th Cir. 1991) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[4] Fed. R. Civ. P. 12(b)(1).

[5] *Wyeth Labs., a Div. of Am. Home Prod. Corp. v. U.S. Dist. Court for D. of Kan.*, 851 F.2d 321, 324 (10th Cir. 1988).

[6] *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 2005).

[7] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) (quoting Fed. R. Civ. P. 12(h)(3)) (internal quotation marks omitted).

The NLRB holds exclusive jurisdiction over unfair labor practices prohibited by the NLRA under the *Garmon* Doctrine.[8] "[T]he NLRB's authority 'pre-empts state and federal court jurisdiction to remedy conduct that is arguably protected or prohibited by the [NLRA]."[9]

Here, only two provisions of the NLRA are at issue. Under 29 U.S.C. § 158(b)(1)(A) it is an unfair labor practice for a labor organization to restrain or coerce an employee in the exercise of their rights to join and participate in a union.[10] Under 29 U.S.C. § 158(b)(2), it is an unfair labor practice for a labor organization to encourage an employer to discriminate against an employee for his union membership.[11]

The *Garmon* doctrine is subject to several exceptions.[12] Conduct that constitutes a "peripheral concern" of the NLRA or touches interests "deeply rooted in local feeling and responsibility" may be subject to state or federal court jurisdiction, despite arguable NLRA coverage.[13] Under Supreme Court jurisprudence, the critical inquiry is whether the controversy presented before a state or federal court is identical to one that could be presented to the NLRB.[14] The *Garmon* doctrine requires an evaluation of three factors to determine the applicability of the exceptions:

---

[8] *San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 242 (1959); 29 U.S.C. § 160(a) ("The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice (listed in section 158 of this title affecting commerce.").

[9] *Cumpston v. Dyncorp Tech. Serv., Inc.*, 76 F. App'x 861, 865 (10th Cir. 2003) (quoting *Tamburello v. Comm-Trust Corp.*, 67 F.3d 973, 976 (1st Cir. 1995) (internal quotation marks and citations omitted).

[10] 29 U.S.C. § 158(b)(1)(A).

[11] 29 U.S.C. § 158(b)(2).

[12] *Conner v. The Boeing Co.*, 2006 WL 1487007, at *2 (D. Kan. 2006).

[13] *Vaca v. Sipes*, 386 U.S. 171, 180 (1967) (quoting *Garmon*, 359 U.S. at 244) (internal quotation marks omitted).

[14] *Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters*, 436 U.S. 180, 197 (1978).

1) Whether there exists a potential for direct conflict between federal labor law and policy and the state or federal cause of action; 2) whether there is a state interest which is 'deeply rooted in local feeling and responsibility;" and 3) whether adjudication of the federal or state cause of action interferes with the effective administration of national labor policy by deciding issues which are identical to those underlying the labor dispute.[15]

Under the *Garmon* doctrine, the NLRB possesses exclusive jurisdiction over unfair labor practices.  Because Kastens's complaint only raises issues concerning unfair labor practices, it falls under the exclusive jurisdiction of the NLRB.  In fact, the NLRB already adjudicated this very claim.  Kastens admits this in his complaint, noting District 70 was "found guilty by the [NLRB.]"[16]  By his own admission, Kastens's complaint found a proper home within the jurisdiction of the NLRB.

Nor does Kastens's complaint satisfy one of the exceptions.  It is a simple task for the Court to determine his complaint is identical to one that could be presented to the NLRB because this exact complaint already was adjudicated before the NLRB.  Therefore, Kastens's complaint fails all three factors laid out in *Hastens*.  If this Court were to exercise jurisdiction over his claim, it would find itself in direct conflict with the NLRB's exclusive jurisdiction over unfair labor practices.  Even construing Kastens's complaint liberally, the Court is unable to find any facts that suggest the activity is "deeply rooted in local feeling and responsibility."[17]  Finally, adjudication of this cause of action would interfere with national labor policy by deciding issues

---

[15] *Hastens v. Phillips Petroleum Co.*, 640 F.2d 274, 277 (10th Cir. 1981).

[16] Pl.'s Compl. 3.

[17] *Vaca*, 386 U.S. at 180.

"identical to those underlying the labor dispute" because the Court would rule on a cause of action already decided by the NLRB.[18]

Simply put, the complaint fails to allege any facts that would remove Kastens's unfair labor practices claims from the NLRB's exclusive jurisdiction, and place it within the Court's. Accordingly, the Court lacks subject matter jurisdiction, and the motion to dismiss is granted.

Briefly, the Court addresses one additional point. While Defendants' incredibly thorough Memorandum in Support of the Motion to Dismiss asserts that a possible "hybrid DFR/Section 301" claim should be dismissed under Rule 12(b)(6), there is nothing in Kastens's complaint which the Court could possibly use to construe this claim being made. A hybrid claim must allege the employer violated the collective-bargaining agreement, and the union breached its duty of fair representation.[19]  Kastens alleges Defendants breached their duty of fair representation but makes no mention of Spirit violating their collective bargaining agreement with Defendants. Although this Court would have subject matter jurisdiction over that claim, Kastens's complaint makes no allegations from which the Court could infer a hybrid DFR/Section 301 claim.

### IV.    Conclusion

Kastens's complaint alleges violations of 29 U.S.C. § 158(b)(1)(A) and (b)(2). These provisions fall squarely within the exclusive jurisdiction of the NLRB. Even construed liberally, the Court finds nothing in Kastens's complaint allowing it to exercise subject matter jurisdiction.

---

[18] *Hastens*, 640 F.2d at 277.

[19] *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990).

Because the Court concludes it lacks jurisdiction, it does not address Defendants' failure to state a claim argument. Accordingly, the Court grants the motion to dismiss.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 12) is hereby **GRANTED.**

**IT IS SO ORDERED.**

Dated this 18th day of July, 2017.

*Eric F Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE